IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>HERACLIO PEREZ,<br>    Defendant. | :<br>:<br>:  CRIMINAL ACTION NO.<br>:  1:13-CR-0293-WBH<br>:<br>:<br>:<br>: |

### ORDER

This matter is before the Court for consideration of the Report and Recommendation (R&R), [Doc. 55], in which the Magistrate Judge recommends that Defendant's motion to suppress any and all identification testimony regarding him, [Doc. 24], and his supplemental motion to suppress, [Doc. 38], both be denied.

Defendant has filed his objections to the R&R, and this Court, after conducting a *de novo* review of those portions of the record relating to Defendant's objections, holds that the R&R reaches the proper conclusion.

With respect to Defendant's challenge to the identification testimony regarding Defendant's wife, Rosa Maria Davilla-Guerra, this Court agrees with the Magistrate Judge that the protections provided against unduly suggestive photo arrays discussed in Simmons v. United States, 390 U.S. 377 (1968), do not apply where the Defendant challenging the identification is not the party that was identified. Contrary to Defendant's argument, there is no general rule that the Due Process Clause protects

against the introduction of unreliable evidence against the Defendant. According to the Supreme Court, the Constitution "protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit." Perry v. New Hampshire, 132 S. Ct. 716, 723 (2012). The Due Process Clause requires suppression of evidence only when introduction of the evidence would cause a denial of fundamental fairness. Snowden v. Singletary, 135 F.3d 732, 737(11th Cir. 1998). A denial of fundamental fairness occurs only if the improper evidence "is material in the sense of a crucial, critical, highly significant factor." Osborne v. Wainwright, 720 F.2d 1237, 1238 (11th Cir. 1983). In this case, the identification testimony regarding Petitioner's wife is not crucial, critical evidence. Accordingly, this Court concludes that Defendant is not entitled to have the evidence suppressed on due process grounds.

This Court further agrees with the Magistrate Judge that "despite the impermissibly suggestive photographic array, the out-of-court identification is not and any in-court identification of Defendant by [the witness] will not be impermissibly unreliable." R&R at 19-20. Accordingly, this Court **ADOPTS** the R&R, [Doc. 55], as the Order of this Court, and Defendant's motion to suppress any and all

identification testimony regarding him, [Doc. 24], and a supplemental motion to suppress, [Doc. 38], are hereby both **DENIED**.

**IT IS SO ORDERED,** this 31st day of March, 2014.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)